**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SILVESTER REYES-FILICIANO,

    Defendant-Appellant.

No. 11-2250

(D.C. Nos. 1:10-CV-01261-BB-GBW
& D.C. No. 1:08-CR-01412-BB-3)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Silvester Reyes-Filiciano (Reyes), a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's dismissal of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Reyes has

failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss

the matter.

I

On June 4, 2008, Reyes and a co-conspirator were arrested in Albuquerque, New

Mexico, after attempting to sell approximately four pounds of methamphetamine to an

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

undercover federal agent. On June 24, 2008, a federal grand jury returned a three-count indictment charging Reyes with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. Reyes pled guilty to the charges alleged in the indictment and was sentenced to a term of imprisonment of 322 months.

On December 29, 2010, Reyes filed a pro se § 2255 motion with the district court. In that motion, Reyes alleged four grounds for relief: (1) his trial counsel failed to notify the district court that Reyes had a limited ability to read and understand English and refused to request an interpreter for Reyes, (2) his trial counsel tricked him into signing the plea agreement, (3) the district court erred in its sentencing calculations by failing to afford Reyes a mitigating role adjustment, and (4) his firearm conviction lacked a proper factual basis.

The magistrate judge assigned to the case issued a report and recommendation on June 21, 2011, recommending that Reyes' § 2255 motion be denied. In addressing Reyes' ineffective assistance of trial counsel claims, the magistrate judge concluded that the "record contravene[d] [Reyes'] claim" that his attorney "failed to secure an interpreter for [Reyes] despite his inability to understand English." Prop. Findings of Fact and Rec. for Disp. at 10, ECF No. 11. Specifically, the magistrate judge noted that, according to the record, an interpreter was present at Reyes' initial appearance, his preliminary and

2

detention hearings, his arraignment, his plea hearing, and his sentencing hearing.

Accordingly, the magistrate judge concluded that Reyes' trial "counsel acted reasonably

in securing interpretation services for [Reyes] . . . and consequently . . . c[ould not] be

said to have provided ineffective assistance by not having done so." Id. at 11. The

magistrate judge likewise concluded that the record contravened Reyes' claim that his

trial counsel "tricked [him] into signing his plea agreement." Id. "A brief review of

[Reyes'] plea agreement," the magistrate judge noted, "confirm[ed] that any claim of

confusion between it and a bond application [wa]s beyond belief." Id. at 12. Moreover,

the magistrate judge noted, a review of the plea transcript indicated that Reyes stated on

the record, in Spanish, that he understood what was happening, had been given adequate

time to discuss the case fully with his counsel, had not been forced or threatened in any

way to plead guilty, was satisfied with his trial counsel's representation, and did not make

any claim of innocence to the charges against him. "Consequently," the magistrate judge

concluded, Reyes "failed to establish that his counsel coerced him into signing a plea

agreement and entering a guilty plea he otherwise would not have signed." Id. at 13.

As for Reyes' claim that the trial court failed to afford him a four-point minimal-

role reduction in his offense level, the magistrate judge noted that because Reyes

"qualified as a career offender under U.S.S.G. § 4B1.1," all mitigated-role reductions

were unavailable to him. Id. at 16. Lastly, the magistrate judge rejected Reyes' claim

that there was no factual basis to support his plea of guilty to the firearm-related charge.

In doing so, the magistrate judge noted that Reyes "admitted, expressly in his plea

3

agreement and tacitly in open court [at the plea hearing], that he knew his co-conspirator would be bringing a firearm to the drug transaction they had planned," id. at 21, "that the firearm was brought for the purpose of security during the drug transaction," id. at 21-22, "that a gun case containing a Cobray Mac-11 9 millimeter semi-automatic pistol was retrieved from an area in close proximity to the [seized] narcotics," id. at 22, and that Reyes "was aware of the location of the narcotics and was the conspirator in charge of directing the [undercover federal agent] to their location," id. "Based upon these facts in the record," the magistrate judge concluded, "it was not clearly erroneous to infer that [Reyes] constructively possessed and transported the firearm." Id.

Reyes objected to some, but not all, of the magistrate judge's determinations. Specifically, he lodged no objections "to the magistrate judge's recommendations regarding (1) the failure to have an interpreter; (2) his entitlement to a role adjustment; or (3) the lack of a basis for the firearms conviction." Order at 2, ECF No. 16. Consequently, the district court summarily adopted the magistrate judge's "analysis and recommendation with respect to those claims." Id.

In his objections, Reyes "present[ed] a new version of his argument that his [trial] counsel was ineffective by misadvising him about the plea agreement." Id. at 3. In particular, Reyes apparently abandoned his claim that he believed his trial counsel was asking him to sign an application for bond rather than a written plea agreement, and instead asserted that his trial counsel "made a deal with him early-on for a ten year deal in exchange for the Plea Agreement." Id. (internal quotation marks omitted). The district

court rejected this argument on the grounds that "'theories raised for the first time in objections to the magistrate judge's report are deemed waived.'" Id. (quoting United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)). The district court also noted that "this claim [wa]s contravened by the record" of the "plea hearing," during which the trial court advised Reyes "that he was facing a minimum mandatory sentence of 15 years which should have eliminated any belief that his plea agreement involved a sentence of ten years," id. at 3-4, and Reyes stated "under oath that no one made any promises to him that were not contained in the plea agreement," id. at 4. In addition, the district court noted that Reyes "failed to even allege, in his Objections or earlier, that he would have insisted on going to trial but for the supposed erroneous advice about the plea agreement." Id.

Reyes also asserted "an apparent general assertion that he did not understand what was happening at his plea hearing." Id. at 5. The district court concluded that, "[t]o the extent that this claim [wa]s independent of [Reyes'] earlier claims, it [wa]s raised for the first time in the Objections" and was thus waived. Id. In any event, the district court concluded, "th[e] claim [wa]s contravened by the record of the plea hearing and sentencing hearing," during which Reyes "asked questions of the Court for clarification, [and] those questions were answered to [his] apparent satisfaction." Id. The district court also noted that Reyes had "again fail[ed] to assert that, without this general alleged confusion, he would [have] insisted on going to trial." Id.

Ultimately, the district court overruled Reyes' objections, adopted the magistrate

judge's proposed findings and recommended disposition, and dismissed Reyes' § 2255 motion. Reyes filed a timely notice of appeal and a request for COA. The district court denied Reyes' request for a COA.

Reyes has since filed a renewed request for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his application for COA, Reyes requests a COA "on the single ground . . . that his sentencing counsel was ineffective for allowing [Reyes] to plea [sic] guilty involuntarily." Application at 4. According to Reyes, "he pleaded guilty based on coerced and influence presure [sic] from his attorney," "his attorney lied to him," and he "was confused during the [criminal] proceedings." Id. at 2. In support, Reyes quotes from both the change-of-plea and sentencing hearing transcripts.

We conclude that Reyes has failed to make the showing necessary for issuance of a

6

COA. To the extent Reyes is asserting that his trial counsel "lied to him" regarding the existence of a purported deal under which Reyes would receive a maximum ten-year sentence, Reyes has not refuted the district court's conclusion that this assertion was raised for the first time in Reyes' objections to the magistrate judge's report and recommendation and thus was waived. And, even overlooking this procedural bar, Reyes has failed to refute the district court's findings that he was expressly advised at the change-of-plea hearing "that he was facing a minimum mandatory sentence of 15 years which should have eliminated any belief that his plea agreement involved a sentence of ten years," Order at 3-4, and that he stated "under oath that no one made any promises to him that were not contained in the plea agreement," id. at 4. Consequently, we conclude that reasonable jurists could not debate whether the district court properly dismissed Reyes' § 2255 motion.

The application for COA is DENIED and this matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge

7